AYRES, Judge.
John M. Doll, an heir of the decedent, 'Loretta Josephine Doll, and who is denominated plaintiff herein, seeks to have decreed null and void an order purporting to authorize and direct the private sale of certain-described immovable succession property as well as the sale consummated in .accordance therewith. From a judgment sustaining an exception of no cause and of no right of action, plaintiff appealed.
The bases for this action, briefly stated, are that: (1) neither the petition for the authority to sell nor the order issued pursuant thereto set forth, with any degree •of certainty, a price for which the property might be sold; (2) the sale as purportedly made was based on an application to sell which had not been published and of which petitioner, as an heir, had no actual notice or knowledge and was afforded no opportunity to oppose; (3) the purpose of the purported sale, as proposed and petitioned for on the joint application of the administratrix of the succession and of the proposed vendee, was a compromise of litigation then pending between the succession representative and the purported purchaser wherein the latter claimed title to the property involved; (4) no notice of the application to compromise was given by publication, nor were the heirs to the succession, including plaintiff herein, given notice thereof or afforded an opportunity to oppose tire same before the order was issued directing its confirmation; and, finally, (5) the purported sale was not to the best interests of the succession.
In the application first seeking to sell the property at private sale it was stated that while the administratrix had offers to purchase the property at its appraised value she believed a better price might be obtained. The language of the order authorizing the sale, couched likewise in general terms, fixed no specific price at which the sale might be made. Notice of the proposed sale as published, while reciting the appraised value, announced that the property would be sold at not less than such value. The application above referred to, as was the order of court, was filed June 8, 1966. Notice of the application was published June 11 and July 11, 1966.
To the aforesaid application of the ad-ministratrix to sell, Charlie Doll, also an heir to the succession, filed an opposition June 15, 1966, in which he asserted ownership of the property proposed to be sold by virtue of its having been purchased for him by the decedent and by reason of his actual possession thereof as owner for a period exceeding 30 years.
In the meantime, plaintiff herein had submitted a bid of $5,000 for the property.
The opposition of Charlie Doll asserting ownership of the property was never tried. Nevertheless, on September 14, 1966, by joint petition, the administratrix and Charlie Doll alleged:
“That petitioner Charlie Doll desires to avoid any controversy in regard to decedent’s estate and is willing to pay decedent’s succession the sum of $5,001 for the property and to dismiss his opposition to the sale.”
They accordingly prayed for an order authorizing and directing the administratrix to sell the property to Charlie Doll for the price of $5,001 cash. In accordance with the prayer of this joint petition and on the date of its filing September 14, 1966, Doll’s opposition was dismissed and in the same order the administratrix was authorized to make the sale.
Neither actual notice nor notice by publication was given to the heirs of the succession of the alleged compromise of the litigation as to ownership of the property, nor of the proposal to sell it at private sale to Charlie Doll.
We find no basis for application of the exception of no right of action to the facts as alleged in this case. Petitioner, as an heir of the decedent, had a right to oppose *344 a private sale of succession property. LSA-C.C.P. Art. 3283.
In considering the exception of no cause of action, the allegations, to which it is directed and to which we have referred, must be accepted as true.
With reference to the private sale of succession property, LSA-C.C.P. Art. 3281 provides that the succession representative “shall file a petition setting forth a description of the property, the price and conditions of and the reasons for the proposed sale.” A further requirement is that notice of the application for authority to sell immovable succession property at private sale shall be published at least twice and state that any opposition to the proposed sale must be filed within 10 days from the date of the last publication. LSA-C.C.P. Art. 3282. However,
“If no opposition has been filed timely, the court shall render an order authorizing the sale, when it considers the sale to be to the best interests of the succession.
“An opposition shall be tried as a summary proceeding.”
LSA-C.C.P. Art. 3284.
An official comment under the latter article states:
“The source provision requires that the judge ‘shall fix the minimum price to be accepted.’ This language was deleted as unnecessary, for the petition must state the price for the proposed sale and the judge's order necessarily approves the sale at the price stated.” (Emphasis supplied.)
Thus, it can only be concluded from plaintiff’s allegations that the administra-trix’ first application seeking authority to sell the property at private sale, as well as the order issued pursuant thereto, did not conform to the aforesaid statutory requirements.
Again, if we accept plaintiff’s allegations as true, which we must for the purpose of this exception, the joint petition of the ad-ministratrix and Charlie Doll effected a. compromise of Doll’s claims to the succession property and its immediate sale without notice to the other heirs of the succession and without notice by publication.
Authority of a succession representative-to compromise actions or rights of action; by or against successions is conditioned' upon compliance with the requirement that such actions be approved by the court after the expiration of 10 days from the date of notice given by publication of an application for an order authorizing such compromise. LSA-C.C.P. Arts. 3198 and 3229. From plaintiff’s allegations, it would appear there was no compliance with these-requirements.
The second order, denominated a judgment rendered pursuant to the aforesaid joint petition of the administratrix and' of Charlie Doll, authorizing the sale of the property to Charlie Doll, issued, as heretofore pointed out, was preceded neither by prior notice to the heirs of the succession) nor by notice through publication.
Whether the proposed sale of the property to Charlie Doll was to the best interests of the succession is a matter which' may be determined only on trial of the-cause.
Neither of the administratrix’ applications for the sale of the property met the legal prerequisites warranting the issuance of an order authorizing the sale of the property. The first petition and order designated no definite price nor specified any offer to be accepted for the purchase of the property. The second was not preceded by notice by publication. This second application, in effect, constituted a compromise of pending litigation with reference to the title to the property without compliance with the requirements as to notice of the intention to compromise
The requirements to which we have referred are, in our opinion, mandatory *345 and must be at least substantially complied with to effect a private sale of succession property.
Therefore, the conclusion is inescapable that plaintiff’s petition discloses a cause of action and the exception must be overruled.
For the reasons assigned, the judgment .appealed is annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and De■creed that the exceptions of no cause and of no right of action be, and they are hereby, overruled and that, accordingly, this cause he, and it is hereby, remanded to the Honorable the First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings consistent with the views herein expressed and according to law.
The costs of this appeal are taxed against appellees.
Reversed and remanded.